**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4713**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ALLEN LEON SAMMONS,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.   James P. Jones, District Judge.  (1:08-cr-00014-JPJ-PMS-1)

_____

Submitted:  July 9, 2013               Decided:  July 16, 2013

_____

Before NIEMEYER, KING, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Larry W. Shelton, Federal Public Defender, Nancy C. Dickenson, Assistant Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen Leon Sammons, who finished serving a forty-eight month sentence on his conviction to five counts of interstate transmission of threats to injure another person, in violation of 18 U.S.C. § 875(c) (2006), now appeals the district court's order modifying the conditions of his supervised release to include a geographical exclusion zone. We affirm.

Because "[d]istrict courts have broad latitude to impose conditions on supervised release," the conditions imposed are reviewed "only for abuse of discretion." United States v. Armel, 585 F.3d 182, 186 (4th Cir. 2009) (internal quotation marks omitted). When modifying a defendant's conditions of supervised release, the sentencing court must consider several of the factors set forth in 18 U.S.C. § 3553(a) (2006), including "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need for adequate deterrence; and the goal of public safety. See 18 U.S.C. § 3583(e) (2006). See also 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4)-(7).

The court must also ensure that any modification it makes to a defendant's supervised release conditions satisfies the provisions applicable to the initial imposition of conditions. See 18 U.S.C. § 3583(e)(2). In pertinent part, any special condition of supervised release must be "reasonably

2

related" to the factors listed in 18 U.S.C. § 3553(a)(1) and (a)(2)(B)-(D) and must involve "'no greater deprivation of liberty than is reasonably necessary' to achieve the goals enumerated in § 3553(a)." Armel, 585 F.3d at 186 (quoting 18 U.S.C. § 3583(d)(2)).

Here, the district court imposed the geographical exclusion zone upon Sammons based largely on several thinly-veiled threats he made to various federal officials. Although Sammons argues that the geographical exclusion zone is unreasonable in scope and unnecessary because of his limited history of following through on his threats, we disagree. The circumstances of Sammons' offenses, his history of taking action in furtherance of carrying out his threats, and his failure to demonstrate either that the district court's rationale for the zone was faulty or that the zone would be unduly burdensome for him suggest that the imposed exclusion zone was reasonably related to the pertinent factors and does not involve an unreasonable deprivation of Sammons' liberty. See Armel, 585 F.3d at 186. His argument that the district court abused its discretion in imposing the zone is, as a result, unpersuasive.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before this court and argument would not aid the decisional process.

AFFIRMED